IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUKIT KUMVACHIRAPITAG,<br><br>           Plaintiff,<br><br>    v.<br><br>BILL GATES, et al.,<br><br>           Defendants. | Case No.: 12-5075 JSC<br><br>**ORDER DISMISSING AMENDED COMPLAINT (Dkt. No. 5)** |

Plaintiff, proceeding pro se, filed this action against numerous Defendants "for all frauds and all the corruptions for the past 14 fourteen [sic] years."[1] (Dkt. No. 5 at 15.) Plaintiff initially filed this action on October 3, 2012 (Dkt. No. 1), and on October 10, 2012, he filed a nearly identical Amended Complaint (Dkt. No. 5). Plaintiff brings similar claims against many of the same defendants as those dismissed with prejudice on October 12, 2011 in Case Nos. 11-4510 (JSW)(Dkt. No. 18) and 11-4405(JSW)(Dkt. No. 15).

---

[1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of a United States magistrate judge (Dkt. No. 6), and Defendants, not yet served, are not parties to this case. *See Third World Media, LLC v. Does 1-1568*, 2011 WL 4344160 *3 (N.D. Cal. Sept. 15, 2011). Though Plaintiff filed a declination to proceed before a magistrate judge six days after he filed his consent (Dkt. No. 8), his consent cannot be withdrawn because he does not make a showing of "extraordinary circumstances." *Flores v. Sumaya*, 2012 WL 4337984 *1 (9th Cir. Sept. 24, 2012).

**DISCUSSION**

The Court has an independent obligation to determine subject matter jurisdiction over an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). The plaintiff has the burden to establish that subject matter jurisdiction is proper. *Tobar v. United States*, 2008 WL 151549 *2 (S.D. Cal. Jan. 15, 2008)(citing *Assoc. of Medical Colleges v. United States*, 217 F.3d 770, 778-779 (9th Cir. 2000)). The face of the complaint must state the grounds for federal subject matter jurisdiction over an action. *See* Fed. R. Civ. P. Rule 8(a); *Kats v. Lucile Salter Packard Children's Hosp. at Stanford*, 1995 WL 463668 *1 (N.D. Cal. July 17, 1995). Plaintiff can allege proper federal subject matter jurisdiction by making a federal claim or pleading diversity jurisdiction. *See* 28 USC §§ 1331, 1332. In addition to properly pleading subject matter jurisdiction, a complaint must state a claim upon which legal relief may be granted. A complaint fails to state an actionable claim if a plaintiff does not allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).  Essentially, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Venue must also be proper in the judicial district in which a complaint is brought. *See* 28 U.S.C. §1391.

Here, Plaintiff brings suit against a plethora of defendants dead and alive, including Bill Gates, Steve Jobs, Warren Buffet, the U.S. Supreme Court, Microsoft, Apple, and "all the banking systems sectors in the world," among others. (Dkt. No. 5 at 1.) Plaintiff does not allege that this Court has federal subject matter jurisdiction over this action. Plaintiff is likewise silent as to venue. While Plaintiff lists a home address in North Carolina and mailing addresses for some Defendants in other states, Plaintiff does not specifically articulate an amount in controversy sufficient to establish diversity jurisdiction.[2] The monetary amounts Plaintiff mentions are not differentiated to determine

---

[2] The dollar amounts mentioned in the Amended Complaint are: "nations debts and the global debts of the six hundred trillions dollars plus or $600,000,000,000,000.00 + global debts: and buys the home of California at 594 S. Mapleton Dr. Los Angeles, CA. 90024 to deposits the $75,000,000,000.00 billions dollars annually on the Amrican [sic] Express Plaiunms [sic] and glod [sic] cards on my full names on the cards" (Dkt. No. 5 at 6 and repeated verbatim at 12-13 and 28-30); "cuts the defences [sic] spending by $1 trillion dollars or $1,000,000,000,000.00 one trillion dollars budgets spending cuts on the federal's and the all states budgets spending reductions" (Dkt. No. 5 at 35); "The World's and the Space Technologies "CHINA" are owed the Global Debts of Three

whether they speak to damages he seeks or actions he alleged occurred to precipitate this action. If he does seek the many "septillions" of dollars listed in the Amended Complaint as damages, Plaintiff fails to link these claims to any loss he has suffered due to an action by any of the Defendants. Courts construe a pro se litigant's "inartful pleading liberally." *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). Even with such a liberal construction, however, the Court cannot infer diversity jurisdiction or venue from the Amended Complaint as drafted.

The Amended Complaint likewise fails to articulate subject matter jurisdiction on the basis of a federal question. Plaintiff's general allegation of fraud is not specifically linked to any one Defendant or any particular event. Instead, his 60-page Amended Complaint consists of nonsensical and disconnected phrases like "for all frauds and all misleading the pubalics [sic] national and all nations internationals the world economic" (Dkt. No. 5 at 27) and "motions to sue and to prosecutes, the plaintiff and appellant can not [sic] move or relocations and to affirmance to the cause by the district court's judgment is not appropriated . . ." (Dkt. No. 5 at 42). His previous lawsuits, against many of the same defendants, are equally indecipherable.[3] Plaintiff does not state any statute or law he claims Defendants violate, and it is impossible to determine whether he brings federal or state-law fraud claims. Most critically, Plaintiff's Amended Complaint does not include any discernible facts

---

Septillions Dollars of the Five Septillions Dollars Plus [more "septillions" of dollars mentioned in conjunction with various entities]" (Dkt. No. 5 at 38); "motion to arbitrations (30% tax) of $75,000,000,000.00 billion dollars annually . . . to be deposits in all my banking accounts annually" (Dkt. No. 5 at 39); "the entire federals central banks; national on the nations debt and the deficits of sixteen trillion dollars plus or $16,000,000,000,000.00 dollars plus: and all global debts and the deficits nations internationals banking" (Dkt. No. 5 at 40); "#6 American Express golds [sic] cards and American Express platinums [sic] cards: $75,000,000,000.00 billion dollars annually . . ." (Dkt. No. 5 at 41); "For the six hundred trillions dollars global market and world economic in the past 14 years . . . [listing other "septillions" of dollars]" (Dkt. No. 5 at 58); "For settlements of $75,000,000,000.00 billion dollars annually, or per years to be opening the new banking accounts . . . all to be in my name and the accounts numbers to be in my name and last name or my full name." (Dkt. No. 5 at 59).

[3] "The doctrine of issue preclusion prevents relitigation of all 'issues of fact or law that were actually litigated and necessarily decided' in a prior proceeding." *Robi v. Five Platters, Inc.*, 838 F.2d 318, 322 (9th Cir. 1988)(quoting *Segal v. American Tel. & Tel. Co.*, 606 F.2d 842, 845 (9th Cir. 1979)). Due to the ambiguity of Plaintiff's pleading, the Court cannot analyze whether issue preclusion applies to Plaintiff's claims.

that enable the Court to draw an inference that misconduct has occurred, let alone that Defendants are individually or in aggregate responsible to Plaintiff for that misconduct.

Since Plaintiff does not plead diversity or a federal question, the Amended Complaint fails to establish that this Court has subject matter jurisdiction. In addition, Plaintiff fails to allege that venue in this Court is proper. Finally, Plaintiff does not state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the aforementioned reasons, Plaintiff's Amended Complaint is DISMISSED without prejudice. If Plaintiff still wishes to pursue this action, he may file an amended complaint on or before **November 9, 2012.** Any amended complaint must specifically state the theory under which Plaintiff maintains this Court has subject matter jurisdiction and venue. Plaintiff must also cite specific misconduct by each named Defendant linked to a cognizable legal theory. Failure to cure these pleading defects may result in dismissal of this action with prejudice. The Court notes that the Northern District's Pro Se Help Desk can be reached at (415) 782-9000, extension 8657.

**IT IS SO ORDERED.**

Dated:   October 25, 2102

                                         JACQUELINE SCOTT CORLEY
                                         UNITED STATES MAGISTRATE JUDGE