United States District Court
Northern District of California

1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11
12
13   SUKIT KUMVACHIRAPITAG,                Case No.: 12-5075 JSC
14                Plaintiff,               **ORDER DISMISSING SECOND**
                                           **AMENDED COMPLAINT (Dkt. No. 21)**
15        v.
16   BILL GATES, et al.,
17                Defendants.
18

19        Plaintiff, proceeding pro se, filed this action against numerous Defendants "for all frauds and

20   all the corruptions for past [sic] 14 fourteen [sic] years."[1] (Dkt. No. 21 at 16.) Plaintiff initially filed

21   this action on October 3, 2012 (Dkt. No. 1), and on October 10, 2012, filed an Amended Complaint

22   (Dkt. No. 5), which was dismissed without prejudice. (Dkt. No. 12.) On November 8, 2012, Plaintiff

23   filed a nearly identical Second Amended Complaint ("SAC"). (Dkt. No. 21.) Plaintiff brings similar

24   claims against many of the same defendants as those dismissed with prejudice on October 12, 2011 in

25

26        [1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of a United States
27   magistrate judge (Dkt. No. 6), and Defendants, not yet served in accordance with Rule 4 of the
     Federal Rules of Civil Procedure, are not parties to this case. *See Third World Media, LLC v. Does 1-*
28   *1568*, 2011 WL 4344160 *3 (N.D. Cal. Sept. 15, 2011).

1    Case Nos. 11-4510 (JSW) (Dkt. No. 18) and 11-4405 (JSW) (Dkt. No. 15). Plaintiff's SAC again fails

2    to state a claim and is DISMISSED with prejudice as outlined below.

3                                                    **DISCUSSION**

4           The Court has an independent obligation to determine subject matter jurisdiction over an

5    action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003). The plaintiff has the

6    burden to establish that subject matter jurisdiction is proper. *Tobar v. United States*, 2008 WL 151549

7    *2 (S.D. Cal. Jan. 15, 2008) (citing *Assoc. of Medical Colleges v. United States*, 217 F.3d 770, 778-

8    779 (9th Cir. 2000)). The face of the complaint must state the grounds for federal subject matter

9    jurisdiction over an action. *See Fed. R. Civ. P. Rule 8(a)*; *Kats v. Lucile Salter Packard Children's*

10   *Hosp. at Stanford*, 1995 WL 463668 *1 (N.D. Cal. July 17, 1995). Plaintiff can allege proper federal

11   subject matter jurisdiction by making a federal claim or pleading diversity jurisdiction. *See* 28 USC

12   §§ 1331, 1332. In addition to properly pleading subject matter jurisdiction, a complaint must state a

13   claim upon which legal relief may be granted. A complaint fails to state an actionable claim if a

14   plaintiff does not allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*,

15   550 U.S. 544, 555 (2007) (quotation omitted).  Essentially, a plaintiff must plead "factual content that

16   allows the court to draw the reasonable inference that the defendant is liable for the misconduct

17   alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  Venue must also be proper in the judicial

18   district in which a complaint is brought. *See* 28 U.S.C. §1391.

19          In its previous order dismissing Plaintiff's Amended Complaint, the Court found that it could

20   not infer diversity jurisdiction or venue from the Amended Complaint as drafted, even under liberal

21   construction. (Dkt. No. 12 at 3.) Specifically, the Court found that Plaintiff had failed to articulate an

22   amount in controversy, and even if Plaintiff did seek the many "septillions" of dollars listed in the

23   Amended Complaint as damages, he failed to link these claims to any loss he has suffered due to an

24   action by the Defendants. (*Id.*) Nor, the Court found, did the Amended Complaint articulate subject

25   matter jurisdiction on the basis of a federal question. (*Id.*) The Court found the Amended Complaint

26   indecipherable, lacking "any discernible facts that enable the Court to draw an inference that

27   misconduct has occurred, let alone that Defendants are individually or in aggregate responsible to

28   Plaintiff for that misconduct." (*Id.* at 3-4.) The Court instructed Plaintiff that if he were to file another

amended complaint, "[it] must specifically state the theory under which Plaintiff maintains this Court has subject matter jurisdiction and venue. Plaintiff must also cite specific misconduct by each named Defendant linked to a cognizable legal theory. Failure to cure these pleading defects may result in dismissal of this action with prejudice." (*Id.* at 4.)

Because Plaintiff's SAC fails to address the subject matter jurisdiction and venue issues raised by the Court in its previous dismissal order, Plaintiff's SAC must be dismissed. The SAC is a virtual copy of Plaintiff's previous complaint and provides no decipherable information or facts that could support a finding of subject matter jurisdiction or proper venue. As with Plaintiff's Amended Complaint, the SAC also does not state a claim upon which relief may be based. *See* Fed. R. Civ. P. 12(b)(6). Plaintiff's SAC is devoid of any facts that allow the Court to draw an inference that misconduct has occurred and that Defendants are somehow responsible for that conduct.

## CONCLUSION

For the reasons stated above, Plaintiff's complaint is DISMISSED with prejudice. Leave to amend may be denied "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *see also Semiconductor Energy Lab. Co., Ltd. v. Yujurio Nagata*, 2012 WL 177557 *8 n.6 (N.D. Cal. Jan. 23, 2012) (finding that further amendment can be denied as futile, particularly when a plaintiff has already amended the complaint once). The Court concludes that Plaintiff failed to cure the pleading defects in this action in his SAC and that any further amendment would be futile.

**IT IS SO ORDERED.**

Dated: November 15, 2102

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California